AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
|  | )  5:25-mj-1110-HNJ |
|  | ) |
| Ewa Maria Ciszak | ) |
|  | ) |
| *Defendant(s)* | |

FILED
2025 JUN 20  A 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __02-01-2025 through 06-18-2025__ in the county of __Madison__ in the __Northern__ District of __Alabama__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1924(a) | Unauthorized removal and retention of classified documents or materials |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

JACOB SPOON  *Digitally signed by JACOB SPOON Date: 2025.06.20 11:00:37 -05'00'*
*Complainant's signature*

Jacob Spoon, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  06/20/2025

Herman N. Johnson, Jr.  *Digitally signed by Herman N. Johnson, Jr. Date: 2025.06.20 11:07:20 -05'00'*
*Judge's signature*

City and state:  Huntsville, Alabama        Herman N. Johnson, Jr., U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EWA MARIA CISZAK | Case No. 5:25-mj-1110-HNJ<br><br>**FILED UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Jacob Spoon, being duly sworn, state:

**BACKGROUND**

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the Birmingham Division. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I have been in this position since April 2021. I am currently assigned to a squad that investigates national security matters. I have received training at the FBI Academy in Quantico, Virginia, including training specific to counterintelligence and espionage investigations. I have also received training regarding the proper handling of classified documents, materials, and information.

2. This affidavit is submitted in support of an application for a criminal complaint and arrest warrant charging Ewa Maria CISZAK (hereinafter, "CISZAK") with the unauthorized removal and retention of classified documents or materials, in violation of Title 18, United States Code, Section 1924(a). Specifically, that CISZAK,

being an officer, employee, contractor, or consultant of the United States, and by virtue of such office, employment, position, or contract, being possessed of documents or materials containing classified information of the United States, as defined in 18 U.S.C. § 1924(c), knowingly removed such documents or materials without authority and with the intent to retain such documents or materials at an unauthorized location.

3. The facts set forth in this affidavit are based on my personal knowledge and review of records, documents, and other physical evidence obtained during this investigation, as well as information conveyed to me by other law enforcement officials. This affidavit does not include each and every fact observed by me or known to the government. I have set forth only those facts necessary to support a finding of probable cause.

## STAUTORY AUTHORITY AND DEFINITIONS

4. Under 18 U.S.C. § 1924(a), "[w]hoever, being an officer, employee, contractor, or consultant of the United States, and, by virtue of his office, employment, position, or contract, becomes possessed of documents or materials containing classified information of the United States, knowingly removes such documents or materials without authority and with the intent to retain such documents or materials at an unauthorized location shall be fined under this title or imprisoned for not more than five years, or both."

5. The term "classified information of the United States" means "information originated, owned, or possessed by the United States Government

concerning the national defense or foreign relations of the United States that has been determined pursuant to law or Executive order to require protection against unauthorized disclosure in the interests of national security." 18 U.S.C. § 1924(c).

6. Under Executive Order 13526, information in any form may be classified if it: (1) is owned by, produced by or for, or is under the control of the United States Government; (2) falls within one or more of the categories set forth in the Executive Order (Top Secret, Secret, and Confidential); and (3) is classified by an original classification authority who determines that its unauthorized disclosure reasonably could be expected to result in damage to the national security.

7. Where such unauthorized disclosure could reasonably result in damage to the national security, the information may be classified as "CONFIDENTIAL" and must be properly safeguarded. Where such unauthorized disclosure could reasonably result in serious damage to the national security, the information may be classified as "SECRET" and must be properly safeguarded. Where such unauthorized disclosure could reasonably result in exceptionally grave damage to the national security, the information may be classified as "TOP SECRET" and must be properly safeguarded.

8. Classified information of any designation may be shared only with persons determined by an appropriate United States Government official to be eligible for access, and who possess a "need to know." Among other requirements, in order for a person to obtain a security clearance allowing that person access to classified United States Government information, that person is required to and must agree to properly

3

protect classified information by not disclosing such information to persons not entitled to receive it, by not unlawfully removing classified information from authorized storage facilities, and by not storing classified information in unauthorized locations. If a person is not eligible to receive classified information, classified information may not be disclosed to that person.

9. Pursuant to Executive Order 13526, classified information contained on automated information systems, including networks and telecommunications systems, that collect, create, communicate, compute, disseminate, process, or store classified information must be maintained in a manner that: (1) prevents access by unauthorized persons; and (2) ensures the integrity of the information.

10. Parts 2001 and 2003 of Title 32, C.F.R., regulate the handling of classified information. Specifically, 32 C.F.R. § 2001.43, titled "Storage," regulates the physical protection of classified information. This section prescribes that SECRET information "shall be stored in a GSA-approved security container, a vault built to Federal Standard (FHD STD) 832, or an open storage area constructed in accordance with § 2001.53."

11. Section 2001.20 of Title 32, C.F.R., provides that "[a] uniform security classification system requires that standard markings or other indicia be applied to classified information." Such "[m]arkings shall be uniformly and conspicuously applied to leave no doubt about the classified status of the information, the level of protection required, and the duration of the classification."

12. Section 2001.21 of Title 32, C.F.R., further provides that classified documents and materials must be properly marked with the appropriate classification level. Banner markings (e.g., the overall classification of the document) are to be conspicuously displayed in the header and footer of a classified document.

13. Based on my training and experience, I know that banner markings—for example, CONFIDENTIAL, SECRET, or TOP SECRET—are spelled out in long form and all caps, often in red ink. At times, dissemination control markings may accompany the classification level. Portion markings are abbreviated and apply to each paragraph within the document: for example, (U), (S), and (TS). Each page of a classified document should contain both banner and portion markings.

## PROBABLE CAUSE

14. As described further below, beginning in or about February 2025, and continuing through June 18, 2025, there is probable cause to believe that CISZAK knowingly removed documents and materials containing classified information from her workplace without authority and with the intent to retain such documents or materials at an unauthorized location, in violation of 18 U.S.C. § 1924(a).

### CISZAK's Background, the Missile Defense Agency, and Protection of Classified Materials

15. CISZAK has been a civilian employee of the United States Department of Defense ("DoD") working at the Missile Defense Agency ("MDA") located in the Northern District of Alabama since on or about January 30, 2023.

16.     MDA has designated approved GSA security containers and a Standard Form 702 ("SF 702") Security Container Check Sheet for each GSA security container. The SF 702 is a required[1] daily log to record when and by whom the GSA security containers are accessed. If the GSA security container is not opened on a particular day, the SF 702 log is annotated accordingly.

17.     Each GSA security container has designated custodians authorized to open and close the container. Employees are assigned to specific GSA security containers, generally based on their assigned sections. If an MDA employee needs to secure classified material, he or she must have the on-duty custodian open the GSA security container. That action must be recorded on the SF 702 which is regularly checked by security personnel for accuracy.

18.     On or about April 9, 2024, CISZAK signed a Standard Form 312 Classified Information Nondisclosure Agreement with MDA which included the following acknowledgment:

> . . . I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause damage or irreparable injury to the United States or could be used to advantage by a foreign nation . . . . I understand that if I am uncertain about the classification status of information, I am required to confirm from an authorized official that the information is unclassified before I may disclose it . . . I have been advised that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provisions of sections 641, 793, 794, 798, . . . and 1924, title 18 United States Code . . . . I recognize

---

[1] In accordance with 32 C.F.R. Part 2001 (Classified National Security Information) and Executive Order 13526 (Classified National Security Information).

that nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation. . . .

. . .

I understand that all classified information to which I have access or may obtain access by signing this Agreement is now and will remain the property of, or under the control of the United States Government unless and until otherwise determined by an authorized official or final ruling of a court of law. . . .

### Removal of Material and Premises Search Warrant Execution

19.     Agents have been investigating whether CISZAK improperly removed documents bearing classification markings from MDA. During that investigation, Agents have observed CISZAK remove such documents—including documents bearing markings indicating that the information contained therein is classified SECRET—from MDA on multiple occasions from in or about February 2025 through May 2025 and most recently on June 18, 2025.

20.     On June 16, 2025, Judge Herman N. Johnson, Jr. signed a search warrant authorizing the search of CISZAK's residence, devices, person, and car. (Case No. 5:25-mj-1108-HNJ). This warrant was executed by Agents on June 18, 2025. Immediately prior to execution of the warrant, Agents again observed CISZAK remove material bearing classification markings from MDA in a backpack and travel to her residence.

21.     During execution of the search warrant, Agents recovered MDA documents in CISZAK's car bearing classification markings. Those documents were inside the same backpack into which they had observed her place documents just before leaving work at MDA that day.

22.  In various locations inside the residence, Agents located MDA materials also bearing classification markings.

23.  Included among the documents Agents found during the search of her residence and vehicle referenced above, were documents bearing banners and portion marks indicating that the information contained therein is classified as SECRET.

24.  While Agents executed the search, CISZAK agreed to speak to other Agents. Agents audio recorded the non-custodial interview. During the interview, CISZAK acknowledged, in sum, substance, and in part, that she had received training in the proper handling of classified material; that she had brought unclassified and classified documents from MDA to her residence; that there was at least one document in her residence at the time of the search that bore classification markings indicating that the document contained information classified SECRET; and that she knew that she was not permitted to store or retain classified material at her residence. During the interview, CISZAK further claimed that before bringing documents home with her she would remove "important" information from them, "like numbers," such that the documents would not contain classified information despite the classification markings on the documents, but she acknowledged that there "probably" had been important information and classified material on the documents she brought home to her residence.

25.  An employee of the MDA with experience determining the classification of MDA documents has preliminarily reviewed some of the documents recovered by

8

the FBI from CISZAK's vehicle during execution of the search warrant at her residence that bear classification markings and has preliminarily determined that at least some of the documents recovered from CISZAK's vehicle were correctly marked as classified at the SECRET level.

26.    Neither CISZAK's residence nor her vehicle were authorized locations for storage of documents or materials containing classified information of the United States, as described above. Nor did CISZAK have authorization to remove documents or materials containing classified information from MDA.

## **CONCLUSION**

27.    Based on the forgoing, I submit that there is probable cause to believe that between in or about February 2025 and June 18, 2025, Ewa Maria CISZAK, being an officer, employee, contractor, or consultant of the United States, and by virtue of such office, employment, position, or contract, being possessed of documents or materials containing classified information of the United States, as defined in 18 U.S.C. § 1924(c), knowingly removed such documents or materials without authority and with the intent to retain such documents or materials at an unauthorized location.

JACOB SPOON  Digitally signed by JACOB SPOON
Date: 2025.06.20 11:01:22 -05'00'

Jacob Spoon
Special Agent
Federal Bureau of Investigation

Subscribed electronically and sworn to telephonically, before me this 20th day of June, 2025.

Herman N. Johnson, Jr.
Digitally signed by Herman N. Johnson, Jr.
Date: 2025.06.20 11:07:49 -05'00'

Herman N. Johnson, Jr.
United States Magistrate Judge
